Filed 6/5/25  P. v. Rounsavall CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084239 |
| v. | (Super.Ct.No. FWV012635) |
| KEVIN JEFFREY ROUNSAVALL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Kevin Jeffrey Rounsavall appeals from the trial court's resentencing order under Penal Code[1] section 1172.75. On appeal, defendant contends the trial court abused its discretion by failing to conduct a full resentencing hearing in compliance with section 1172.75, and therefore the matter must be remanded for the court to consider whether it should have dismissed the firearm and prior serious felony enhancements. Specifically, he contends the court failed to recognize that it had discretion to dismiss the prior serious felony and firearm enhancements unless it found doing so would endanger public safety. We conclude defendant forfeited these arguments and they also lack merit. Accordingly, we affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Over a three-and-a-half-week period in February and March 1997, defendant committed a string of violent armed robberies, carjackings, and residential and commercial burglaries. In nearly all the incidents, defendant pointed a gun at the victims, threatened to kill them, and stole their money, jewelry, firearm, or other belongings. In one incident, defendant pistol whipped a victim who tried to escape.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] A summary of the factual background is taken from the probation officer's report.

2

On October 30, 1997, defendant pleaded guilty to 60 counts, as follows:  three counts of carjacking (§ 215, subd. (a)), 15 counts of robbery (§ 211), eight counts of burglary (§ 459), four counts of assault with a firearm (§ 245, subd. (a)(2)), one count of grand theft (§ 487), eight counts of possession of a firearm by a felon (§ 12021, subd. (a)(1)), 14 counts of assault with a semiautomatic firearm (§ 245, subd. (b)), four counts of attempted robbery (§§ 664/211), and three counts of assault with a deadly weapon (§ 245, subd. (a)(1)).  As to 44 out of the 60 counts, defendant admitted that he personally used a handgun within the meaning of section 12022.5, subdivision (a).  Defendant also admitted that he had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)), and two prior prison terms (§ 667.5, subd. (b)).

On January 7, 1998, the trial court sentenced defendant to a determinate term of 122 years in prison and an indeterminate term of 11 life terms with a minimum of 294 years in prison.  The sentence included two one-year terms for the prison prior enhancements pursuant to section 667.5, subdivision (b), two five-year terms for the prior serious felony enhancements pursuant to section 667, subdivision (a)(1), and eleven 10-year terms for the firearm enhancements pursuant to section 12022.5, subdivision (a).

On June 27, 2024, the trial court held a resentencing hearing under section 1172.75.[3]  Defendant was present via Zoom with his appointed-counsel present.  Defendant shared with the court that he had not had any write-ups in prison since 2006

---

[3] It appears that neither party filed a resentencing motion as no motions are contained in the appellate record.

and that he had been training service dogs for the past four years. Defendant also informed the court that he had obtained his high school diploma and had achieved 15 years of sobriety while in prison. The court expressed that it was "very impressed" with how defendant was "giv[ing] back to society" while in prison. The court explained that, under section 1172.25, it would strike the two one-year prison priors pursuant to section 667.5, subdivision (b). However, the court stated that it was "not going to use [its] discretion to reduce or strike any of the enhancements because of the seriousness of the offenses at the time that they were committed, but . . . [it was] very impressed about how much [defendant had] changed [his] life since then."

Neither defendant nor his counsel objected, rather defense counsel explained to defendant as follows: ". . . even if the Court did exercise her discretion, because there were so many counts, you're actually coming up for parole faster than what she could reduce the charges to. So, let's say she exercises the discretion to strike the strikes. The amount of time, because there's so many counts, would still amount to more time than what you would come up for parole in 2028. [¶] So you're coming up for parole no matter what in four years; okay? So that's your best chance to actually get released. And with all the work you've done and your sobriety, not getting write-ups, you probably have a really good chance. I don't know if you want to go because you have your dogs, but you have a good chance."

The trial court then struck the two one-year prison prior enhancements pursuant to section 667.5, subdivision (b), and resentenced defendant to a total determinate term of

4

120 years, from 122 years. An amended abstract of judgment was filed on July 11, 2024. Defendant timely appealed.

III.

DISCUSSION

Defendant argues the trial court abused its discretion by failing to conduct the resentencing hearing in compliance with section 1172.75, and therefore the sentence must be vacated and the matter remanded for a full resentencing hearing pursuant to section 1172.75 because the court had discretion to strike his 11 firearm enhancements and the two prior serious felony enhancements. The People assert that defendant forfeited his claim on appeal. In the alternative, the People contend the trial court properly exercised its discretion to not strike or reduce the enhancements.

*A.   Overview of Relevant Law*

When defendant was convicted and sentenced, defendants were subject to a one-year prison term enhancement under section 667.5, subdivision (b), for each true finding that they had served a prior prison term and had thereafter remained free from custody for at least five years. Effective January 1, 2020, section 667.5, subdivision (b), was amended to limit prior prison term enhancements to prior terms imposed for certain sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 445 (*Escobedo*).) The Legislature subsequently enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2019, ch. 590), which sought to make these changes to section 667.5 retroactive. (Stats. 2021, ch. 728, § 1; *Escobedo*, at p. 445.)

5

Senate Bill No. 483 went into effect on January 1, 2022, and added section 1172.75 to the Penal Code. (*Ibid.*)

Section 1172.75 invalidates prior prison term sentencing enhancements imposed under section 667.5, subdivision (b), unless imposed for a sexually violent offense. (§ 1172.75, subd. (a).) It also requires the California Department of Corrections and Rehabilitation (CDCR) to identify the individuals in its custody serving a term that includes a prior prison term enhancement. (*Id.*, subd. (b).) If the court determines the defendant's judgment includes a prior prison term enhancement, the court must appoint counsel, recall the sentence, and resentence the defendant. (*Id.*, subds. (c), (d)(5).) In addition to striking the invalid section 667.5 enhancements, "section 1172.75 requires full resentencing where now-invalid enhancements were imposed." (*People v. Espino* (2024) 104 Cal.App.5th 188, 195, review granted Oct. 23, 2024, S286987; accord *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*) ["By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."].) In resentencing a defendant, the court must apply current sentencing rules and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subds. (c), (d)(2).)

Resentencing under section 1172.75 "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds . . . that imposing a lesser sentence would endanger public safety."

6

(§ 1172.75, subd. (d)(1).) When resentencing a defendant, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion." (*Id.*, subd. (d)(2).) The court may consider post-conviction factors, including the defendant's disciplinary record while incarcerated. (*Id.*, subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

Also relevant here, Senate Bill Nos. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682) and 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013) gave trial courts discretion to strike firearm enhancements and prior serious felony enhancements, respectively, in the furtherance of justice under section 1385. (§§ 12022.5, 12022.53; § 667, subd. (a); *People v. Baltazar* (2020) 57 Cal.App.5th 334, 337 [analyzing Senate Bill No. 620]; *People v. Morelos* (2022) 13 Cal.5th 722, 769 [examining Senate Bill No. 1393].)

As amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), section 1385, subdivision (c)(2), "provides that a sentencing court '[i]n exercising its discretion' to dismiss a sentencing enhancement 'shall consider and afford great weight to evidence offered by the defendant to prove' certain enumerated mitigating

7

circumstances, and '[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1028 (*Walker*); accord *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295 (*Mendoza*).) "'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

Our Supreme Court has clarified the framework within which a trial court must review requests to strike enhancements in this situation, as well as the proper analysis for assessing the harmlessness of an error where a trial court fails to properly exercise its discretion. (See *Walker*, *supra*, 16 Cal.5th at pp. 1033-1035 [interpreting section 1385, subdivision (c)(2)]; *People v. Salazar* (2023) 15 Cal.5th 416, 425 [explaining requirements of harmless error analysis under similar circumstances].)

Section 1385, subdivision (c)(2), provides nine non-exclusive mitigating factors a trial court should consider, such as discriminatory racial impact, whether multiple enhancements are alleged in a single case, whether the crimes are connected to defendant's mental illness, whether the defendant experienced childhood trauma or abuse, and whether application of the enhancement could result in a sentence over 20 years. (See § 1385, subd. (c)(2)(A)-(I).) "[S]ection 1385(c)(2) does not require the trial court to consider any particular factors in determining whether 'there is a likelihood

8

that the dismissal of the enhancement would result in physical injury or other serious danger to others.'" (*Mendoza*, *supra*, 88 Cal.App.5th at p. 299.)

In *Walker*, *supra*, 16 Cal.5th 1024, our high court addressed how section 1385, subdivision (c)(2)'s "great weight" language impacted a trial court's sentencing discretion. Based on that section's plain language (*Walker*, at p. 1033), the court found it "clear that the structure [of section 1385, subdivision (c)] does not 'presume' [citation] an enhancement should be dismissed whenever an enumerated mitigating circumstance is present, but instead 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' (§ 1385, subd. (c)(1)) inquiry requires a trial court's ongoing exercise of 'discretion' (*id.*, subd. (c)(2)). Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.'" (*Walker*, at p. 1033, citing *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098-1099 (*Ortiz*).)[4]

Disagreeing with the appellate court in *People v. Walker* (2022) 86 Cal.App.5th 386,[5] the California Supreme Court determined that the statute's plain language did not

---

[4] The court also cited in part to the Advisory Committee comment to California Rules of Court, rule 4.428, which addresses "[f]actors affecting imposition of enhancements" and provides: "'Case law suggests that in determining the "furtherance of justice" the court should consider . . . the factors in aggravation and mitigation including the specific factors in mitigation of section 1385(c); and the factors that would motivate a "reasonable judge" in the exercise of their discretion.'" (*Walker*, at p. 1033.)

[5] The Court of Appeal "conclude[d] that section 1385's mandate to 'afford great weight' to mitigating circumstances erects a rebuttable presumption that obligates a court

*[footnote continued on next page]*

create a rebuttable presumption that can only be overcome by a finding that dismissal endangers public safety but "emphasize[d] . . . that, in most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in subdivision (c)(2)." (*Walker*, *supra*, 16 Cal.5th at p. 1033.)

The Supreme Court proceeded to "consider what it means for a mitigating circumstance to 'weigh[] greatly in favor' . . . of dismissal." (*Walker*, *supra*, 16 Cal.5th at p. 1034.) The court adopted the *Ortiz* court's understanding as consistent with the statute's construction: "[A] trial court must 'engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors,' in which the mitigating factors weigh 'strongly in favor of . . . dismissal . . . .'" (*Walker*, at p. 1036, quoting *Ortiz*, *supra*, 87 Cal.App.5th at p. 1096.) And "mitigating circumstances are entitled to 'increased significance and importance in the [court's] overall balancing of factors' under section 1385." (*Walker*, at p. 1036.) The court explained: "Stated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial,

to dismiss the enhancement unless the court finds that dismissal of that enhancement . . . would endanger public safety." (*People v. Walker*, *supra*, 86 Cal.App.5th at p. 391.)

credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*Id.* at p. 1036.)

Our Supreme Court concluded that its formulation gave "force to the 'great weight' standard: Pursuant to section 1385, subdivision (c)(2), absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present. In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*Walker*, *supra*, 16 Cal.5th at p. 1037.)

*B.  Standard of Review*

We review for abuse of discretion the trial court's sentencing decisions. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847 ["The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.'"]; accord *People v. Carmony* (2004) 33 Cal.4th 367, 371, 375 (*Carmony*); *Mendoza*, *supra*, 88 Cal.App.5th at p. 298; *People v. Garcia* (2024) 101 Cal.App.5th 848, 856.)

11

"The abuse of discretion standard is highly deferential." (*Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) "First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, Cal.4th at pp. 376-377.)

## C. *Forfeiture*

The People contend defendant forfeited his arguments by failing to make them in the trial court and that his counsel was not ineffective for failing to object. Relying on *Monroe*, *supra*, 85 Cal.App.5th 393, defendant contends he did not forfeit his challenge, and that because it is not clear whether the court was fully aware of its discretion to reduce or dismiss all of his enhancements, the forfeiture rule does not apply. In the alternative, defendant contends he received ineffective assistance of counsel.

In *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*), the California Supreme Court held "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id.* at

p. 356.)  To preserve the issue for appeal, a defendant must object in the trial court that the court did not "properly make or articulate its discretionary sentencing choices." (*Id.* at pp. 351-353.)  This forfeiture rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*Ibid.*)

The forfeiture rule applies so long as a defendant had a meaningful opportunity to object in the trial court.  (*Scott*, *supra*, 9 Cal.4th at p. 356.)  "The parties are given an adequate opportunity to seek such clarifications or changes if, at *any time* during the sentencing hearing, the trial court describes the sentence it intends to impose and the reasons for the sentence, and the court thereafter considers the objections of the parties before the actual sentencing."  (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

We agree with the People that defendant forfeited the issues he raises on appeal. At the resentencing hearing, defense counsel did not raise any objection regarding the court striking the enhancements or failing to comply with section 1172.75.  Counsel did not assert the court was required to dismiss the enhancement unless it found doing so would pose a danger to public safety.  Nor did he argue the court applied the wrong standard or failed to comply with section 1172.25 when it declined to dismiss the enhancements.  Rather, counsel explained that the court's exercise of discretion to strike the enhancements would be ineffectual because defendant was "coming up for parole

13

faster than what [the court] could reduce the charges to. . . . The amount of time, because there's so many counts, would still amount to more time than what you would come up for parole in 2028." Indeed, defendant was sentenced to an indeterminate term of 11 life sentences and a determinate term of 122 years, to serve a minimum of 294 years. Even if the court had found some basis for striking the two prior serious felony enhancements and 11 firearm enhancements, defendant was still subject to serve 11 life sentences, with a minimum of 294 years. Defense counsel further stated that the parole hearing was defendant's "best chance to actually get released," and he cautioned defendant that any statement he made at the resentencing hearing could be used in the parole hearing. The record clearly establishes that defense counsel had reasonable and tactical reasons for not objecting, namely the court's exercise of discretion to reduce or strike the enhancements would not have meaningfully reduced his sentence. (See *People v. Burton* (2015) 243 Cal.App.4th 129, 136 ["An attorney has no duty to make motions or objections that would be futile."].) The record also shows the court gave defendant an adequate opportunity to raise the issues that he now raises on appeal. By failing to object that the trial court did not make the necessary findings or failed to conduct the resentencing hearing in compliance with section 1172.75 or applied the wrong legal standard, defendant forfeited those issues on appeal. (See *People v. Boyce* (2014) 59 Cal.4th 672, 731 [defendant forfeited arguments by not objecting after the court announced his sentence and asked if there was "anything else to discuss"].)

14

Defendant argues that this court should follow *Monroe*, *supra*, 85 Cal.App.5th 393, wherein the court declined to find forfeiture of a Senate Bill No. 1393 claim.  In *Monroe*, the Court of Appeal declined to find forfeiture "under the circumstances of [that] case" in order "[t]o forestall [the defendant's] ineffective assistance of counsel claim[.]"  (*Monroe*, at p. 400.)  The *Monroe* court may have chosen to reach the merits because it noted there was "[n]o satisfactory explanation for counsel's failure to request that the court strike the [prior serious felony] enhancement."  (*Ibid*.)  The court concluded by stating "[i]n any event, we may reach the merits of [the defendant]'s argument even if it has been forfeited."  (*Ibid*.)

Here, there was a satisfactory reason for why counsel did not object.  To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, a defendant must show (1) that his trial counsel's performance "fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.)  Counsel's conduct must so have undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  (*Id*. at 686.)  Defendant cannot demonstrate ineffective assistance because there was no deficient performance.  In any event, we will reach the merits of defendant's arguments.

D. *Merits of Defendant's Arguments*

Even if we were to overlook the forfeiture, we would reject defendant's arguments on the merits.

Defendant contends the trial court abused its discretion by failing to conduct the resentencing hearing in compliance with section 1172.75. Specifically, he argues that he was entitled to have the court consider whether to exercise its discretion under Senate Bill No. 81, which gave the court discretion to dismiss an enhancement or its punishment upon consideration of mitigating circumstances; Senate Bill No. 620, which gave the court discretion to strike or reduce the firearm enhancements; and Senate Bill No. 1393, which gave the court discretion to strike the prior serious felony convictions. He claims that the court failed to consider those ameliorative changes and the mitigating circumstances.

Defendant first argues that the trial court did not conduct the resentencing hearing in compliance with section 1172.25 because "[it] did not even mention any of these ameliorative statutes that would have reduced [defendant]'s sentence." However, section 1385, subdivision (c), contains no express or specific requirement that the court articulate any findings or rulings. (§ 1385, subd. (c); cf. § 1385, subd. (a) & *In re Large* (2007) 41 Cal.4th 538, 550 [noting express findings requirement of § 1385, subd. (a), if a prior strike conviction is dismissed].) On this record, in the absence of an affirmative duty to make findings, we presume that the court was aware of its discretion under section 1385, subdivision (c), had an adequate basis for any section 1385, subdivision (c)

16

findings, and that the findings were correct.  (See *People v. Giordano* (2007) 42 Cal.4th 644, 666 [appellate courts "presume that a judgment or order of the trial court is correct[.]"].)

"'The trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.'"  (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.)  Here, the record does not affirmatively demonstrate that the court applied a wrong legal standard or declined to consider—or gave insufficient weight to—the mitigating factors of multiple enhancements (§ 1385, subd. (c)(2)(B)) and enhancements resulting in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)) or any other relevant factors.  We do not read the court's comments to mean it was not aware of its discretion under section 1385, subdivision (c), or its discretion under Senate Bill Nos. 620 and 1393.  Rather, it seems the court meant to convey it is familiar with the relevant factors, has consistently recognized its discretion to dismiss the various enhancements, has exercised that discretion in the past, and continues to recognize its discretion.  The court's comments do not demonstrate it misunderstood the law or applied it incorrectly.  Accordingly, we may presume the court followed the law and gave sufficient weight to the relevant factors.  (See *ibid.* [on a silent record, the reviewing court presumes the trial court correctly applied the law].)  That presumption is fatal to defendant's argument.

## IV.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


MENETREZ
J.